**In re: VITAMINS ANTITRUST LITIGATION**

**No. 99–197 (TFH/JMF).**

United States District Court, District of Columbia.

May 27, 2004.

## MEMORANDUM ORDER

FACCIOLA, United States Magistrate Judge.

This case is before the Court upon consent of the parties to a hearing regarding *Chitwood & Harley's Motion for Court Assistance in Allocating the Court's Attorneys' Fee Award Among Plaintiffs' Counsel* (the "Fee Dispute") before a United States Magistrate Judge. A five-day hearing is currently scheduled for July 19, 2004.

An issue has arisen regarding the confidentiality of the hearing and the documents filed in preparation for it.[1] I am concerned that some of the documents and exhibits that Chitwood & Harley ("C & H") and Cohen, Milstein, Hausfield & Toll ("CMHT") seek to file and introduce in preparation for and during the upcoming hearing may reveal trade secrets, work product, and legal and strategic thought processes regarding the settlement negotiations that have taken place.

■ A large part of my concern stems from the fact that there are interests at

stake that belong to entities other than these two law firms. First, their clients have an interest in maintaining their trade secrets and keeping confidential the contents of settlement negotiations made on their behalf, and the clients' interests should not be abandoned simply because their attorneys are battling over the fees awarded in their case. There are also public interests at stake. The public has an important interest in effective trial advocacy, and that interest is jeopardized by public disclosure of the strategic thinking of lawyers. There is also a public interest in the settlement of all disputes, particularly complex anti-trust lawsuits, and the attraction of resolving a case by settlement may be lost if the court allows the contents of settlement negotiations to be disclosed once the negotiations have concluded.

■ When pleadings, motions, briefs, other documents, or testimony refer to trade secrets, work product, or settlement negotiations, the interests of the clients and the public in maintaining their confidentiality may trump another public interest that is at stake: access to materials submitted during litigation or judicial resolution of a dispute. Thus, in determining whether disclosure is appropriate, I will have to analyze each document in light of these competing interests and according to the factors outlined in *United States v. Hubbard*, 650 F.2d 293 (D.C.Cir.1980).

■ The calculus changes, however, when the documents at issue are not crafted by the parties but are orders and opinions issued by the court or documents used by the court in shaping its analysis. *See McConnell v. Fed. Election Comm'n*, 251 F.Supp.2d 919 (D.D.C.2003). At that point, the public does not only have an *interest* in what the court decides and why

---

1. Note that Chief Judge Hogan has been asked by Cohen, Milstein, Hausfield & Toll ("CMHT") to reconsider his order that vacated the order that provisionally sealed all documents submitted by the parties in connection with the Fee Dispute.

it makes its decisions; it also has a *right* to know that information. Therefore, any orders or opinions I issue will unquestionably be on the public record.

In light of these considerations, I am instituting the following confidentiality procedures for the Fee Dispute.

In preparation for the hearing, it is, hereby, **ORDERED** that:

1. All pleadings, motions, briefs, and other documents filed in this matter shall be filed *provisionally* under seal[2] and served only by C & H and CMHT on each other pending further order of Chief Judge Hogan or myself. While I appreciate that the Chief Judge vacated the October 2001 sealing order on April 2, 2004, I am exercising my discretion and requiring that all documents be filed provisionally under seal[3] until the motions currently pending before me and the Chief Judge are resolved. This is especially important not only because CMHT seeks reconsideration of the order vacating the sealing order but also because CMHT has sought modification of the order referring the case to me, insisting that it agreed to a binding decision by me solely or principally because it thought that the proceedings and decision would be confidential.

2. I will also institute the following procedures regarding documents filed provisionally under seal.

a. *Pleadings, motions, briefs, and other documents filed with the court:* After Chief Judge Hogan has ruled on whether he will vacate the order unsealing the record and whether he will change the nature of the referral of this matter, continued sealing of the documents that have been and will be filed must be justified under a *Hubbard* analysis. Therefore, after the Chief Judge resolves the issues pending before him, I will review each of the documents filed in connection with the Fee Dispute to date and determine whether it should remain sealed in whole or in part.

b. *Documents exchanged between the parties:* If either party designates the material exchanged between them as proposed exhibits as confidential, the information disclosed therein shall not be disclosed to anyone other than the court and court personnel; C & H, its attorneys, and support personnel who are reasonably necessary to assist C & H in this Fee Dispute and who execute the confidentiality agreement agreed upon by the parties;[4] CMHT, its attorneys, and support personnel who are reasonably necessary to assist CMHT in this Fee Dispute and who execute the confidentiality agreement agreed upon by the parties; other co-lead counsel in this litigation; and witnesses at in-court proceedings concerning this Fee Dispute.

---

2. At the status hearing of May 10, 2004, I indicated that I would place *Chitwood & Harley's Statement Regarding Reference to a Magistrate Judge in Connection with May 4, 2004 Status Conference* under seal. I have now learned, however, that because of the electronic case filing system, sealing the document would be academic because counsel, and the public, have already had access to it.

In addition, in light of this opinion, *CMHT's Unopposed Motion for Leave to File Under Seal* is provisionally granted in part, pending the decision by the Chief Judge regarding CMHT's request to reseal the documents and proceedings relating to the Fee Dispute. I

reserve the right, as with all documents filed in connection with the Fee Dispute, to unseal the documents in accordance with the *Hubbard* factors.

3. Also, from this point on, in accordance with Local Rule 5.1, all documents submitted by the parties must be filed with the court (provisionally under seal) and not via correspondence with chambers.

4. It is my understanding that, even though the parties were unable to stipulate to a confidentiality order, they were able to agree upon a confidentiality agreement.

c. *Documents offered into evidence or shown to witnesses in order to refresh their recollection, for impeachment, or for any other purpose:* As to each document offered, if one or both parties request that the document remain confidential, they must place an asterisk next to the exhibit in the Joint Pre–Hearing Statement. At a pre-hearing conference or at the hearing, both parties will have the opportunity to be heard regarding the purportedly confidential material. If a party believes that the testimony or evidence should remain under seal, it must provide specific reasons for doing so because only those portions of the testimony or evidence that are found to be in need of protection will remain confidential. *See Johnson v. Greater Southeast Cmty. Hosp. Corp.*, 951 F.2d 1268, 1278 (D.C.Cir.1991). I will then make an independent determination as to whether it should be sealed in full or in exbrogated form, basing my decisions on the factors outlined in *United States v. Hubbard*, 650 F.2d 293 (D.C.Cir.1980), and giving special consideration to whether such documents tend to disclose trade secrets, settlement negotiations, or work product. In the absence of any request to seal a document, I reserve the right to engage in such an analysis and rule that any document presented to the court be sealed.

d. *Court proceedings:* The court proceedings scheduled to begin on July 19, 2004 will be open to the public unless either party can make a compelling case for the hearing to be temporarily sealed. If a party seeks to maintain as confidential a portion of the testimony, it must place an asterisk next to the witness' name in the Joint Pre–Hearing Statement. Before ruling, both parties will have the opportunity

to be heard regarding the purportedly confidential material either at a pre-hearing conference or at the hearing. Again, if one party believes that the testimony or evidence should be sealed, it must provide specific reasons for doing so because I will only authorize the sealing of those portions of the testimony or evidence that need protection. *See Johnson*, 951 F.2d at 1268.

e. *Transcript:* The transcript will be maintained in the ordinary course, except for instances in which there is a compelling reason for the sealing of any portion of it. *See* ¶ 2(d).

3. In light of the foregoing procedures, the court contemplates the creation of two dockets: one that is confidential and one that is public.[5] All documents related to the Fee Dispute, including the full transcript, will appear on the confidential docket. All documents that I have determined *not* to be confidential or privileged, including a transcript of the hearing with the confidential portions redacted, will appear on the public docket.

4. The parties are reminded that, consistent with *McConnell v. Fed. Election Comm'n*, 251 F.Supp.2d 919 (D.D.C.2003), my final order and all orders I issue with regard to the Fee Dispute will be on the public record, including any references I make to any documents, pleadings, motions, briefs, correspondence, testimony, or exhibits that have been submitted to or filed with the court, whether or not I previously determined that those documents should remain confidential.

**SO ORDERED.**

---

5. Because of the electronic case filing system, filing documents in this matter may become complicated. Specific instructions to counsel regarding how to file future documents are forthcoming.